**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JIMMY C. ROWE
ADC #127951                                                                                              PLAINTIFF

V.                                          5:05CV00113 WRW/JTR

MAX MOBLEY, Deputy Director,
Arkansas Department of Correction, et al.                                          DEFENDANTS

**ORDER**

In this *pro se* § 1983 action, Plaintiff has filed a Motion for a Preliminary Injunction and a Motion for Appointment of Counsel. *See* docket entries #23 and #24. Each Motion will be addressed separately.

**I.  Motion for a Preliminary Injunction**

On April 18, 2005, Plaintiff filed a Complaint alleging that Defendants violated his Eighth Amendment rights when they failed to provide him with adequate medical care for a preexisting fracture in the fourth metacarpal of his right hand. *See* docket entry #1. Plaintiff asserts that Defendants' actions/inactions have caused his hand to heal improperly and resulted in nerve and tendon damage. *Id.*

On August 3, 2005, Plaintiff filed a Motion for a Preliminary Injunction in which he states that, on four occasions, Defendants failed to provide him with his Darvon pain medication or a reasonable substitute. *See* docket entry #24. Accordingly, Plaintiff asks the Court to issue an injunction requiring Defendants to: (1) provide Plaintiff with his medication, as prescribed; and (2) obtain medications for the Cummins Unit from a different pharmacy. *Id.*

1

In support of those requests, Plaintiff has provided the Court with Defendant Max Mobley's July 13, 2005 response to Plaintiff's grievance regarding the matter. *Id.*, Exhibit A. In that response, Defendant Mobley states that he is aware that Plaintiff did not receive Darvon on May 15, 16, and 17, 2005, because Allcare Pharmacy, which supplies the Cummins Unit, was out of the prescription.[1] *Id.* Additionally, Defendant Mobley further states that:

> I will request Dr. R. Anderson, Medical Director, to complete an investigation as to why the pharmacy had an insufficient supply of Darvon to complete the prescription written by the unit physician and why an alternative medication was not prescribed until your Darvon was received.

*Id.*

When deciding whether to grant a prisoner preliminary injunctive relief, a court must consider: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *Randolph v. Rodgers* 170 F.3d 850, 857 (8th Cir. 1999) (citing *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 113 (8th Cir. 1981)). Importantly, the burden of "proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Finally, in *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982), the Eighth Circuit emphasized that:

> [J]udicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. . . . It is therefore all the more important that federal courts abstain from imposing strict standards of conduct, in the form of injunctions, on prison officials in the absence of a concrete showing of a valid claim and constitutionally mandated directives for relief.

*See also Goff*, 60 F.3d at 520 (providing that "in the prison context, a request for injunctive relief

---

[1] It is unclear when the fourth occasion, mentioned by Plaintiff, occurred.

must always be viewed with great caution").

Plaintiff has not provided the Court with any evidence suggesting that Defendants are currently failing to properly administer his prescription medication. To the contrary, the evidence suggests that this was an isolated incident, occurring on three consecutive days, and that Defendants properly addressed the problems. Thus, the Court concludes that Plaintiff has failed to satisfy his "heavy burden" of demonstrating that he is entitled to injunctive relief. Accordingly, the Motion will be denied.

## II.  Motion for Appointment of Counsel

On August 3, 2005, Plaintiff filed a Motion requesting the appointment of counsel. *See* docket entry #23. It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id*. at 1322-23. "These factors are 'by no means an exclusive checklist,' and the weight to be given any one factor will vary with each case." *Id*. at 1323; *see also Stevens*, 146 F.3d at 546; *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

Plaintiff's claims are not legally or factually complex. Furthermore, it appears from the record that Plaintiff is more than capable of presenting his claims without the benefit of appointed

3

counsel. Plaintiff alleges that he needs the assistance of an attorney to help him obtain his medical records from the Ohio prison where his hand was injured.

The relevant inquiry in this case will be the medical care Plaintiff received once he arrived in Arkansas, and not what transpired in Ohio. Furthermore, it is very likely that any relevant medical information from Ohio will be in Plaintiff's medical files at the Cummins Unit. Plaintiff can obtain a copy of his complete medical file by drafting a Request for Production of Documents, pursuant to Fed. R. Civ. P. 34, and mailing that pleading, along with a certificate of service, <u>directly</u> to Defendants' attorney. *See* Fed. R. Civ. P. 5(d) (providing that requests for production of documents shall <u>not be filed with the court</u>); Local Rule 5.5(c)(2) (stating that "[a]ny party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure"). Accordingly, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.

### III. Dispositive Motions

Plaintiff has requested a jury trial, and the parties have not consented to proceed before a United States Magistrate Judge. *See* docket entry #6. Thus, the Court hereby notifies the parties that any dispositive motions they intend to file in this matter must be received by the Court within thirty days of the entry of this Order. Otherwise, the Court will notify the Honorable William R. Wilson, Jr., United States District Judge, that this case is ready to be set on his docket for a jury trial.

### IV. Conclusion

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for a Preliminary Injunction (docket entry #23) is DENIED.

2. Plaintiff's Motion for Appointment of Counsel (docket entry #24) is DENIED.

3. The parties shall file any dispositive motions within thirty days of the entry of this Order.

Dated this 20th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE