IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY C. ROWE
ADC #127951                                                                                     PLAINTIFF

V.                                    5:05CV00113 WRW/JTR

MAX MOBLEY, Deputy Director,
Arkansas Department of Correction, et al.                                         DEFENDANTS

**ORDER**

Plaintiff, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants have failed to provide him with adequate medical care. *See* docket entry #2. By way of relief, he requests monetary damages and an injunction requiring Defendants to provide him with medical care deemed appropriate by an independent specialist. *Id.*

Separate Defendant Max Mobley has filed a Motion for Judgment on the Pleadings, and a Brief in Support, contending that he is entitled to sovereign immunity because Plaintiff, who is proceeding *pro se*, has named him in his official capacity only.[1] *See* docket entries #35 and #36. The Court will give Plaintiff thirty days to file a Response to that Motion.

Finally, although Defendants have not yet raised the matter, the Court questions whether he

---

[1] In contrast, Plaintiff named the other five Defendants in both their individual and official capacities. *See* docket entry #2.

1

has stated a viable claim, for either injunctive relief or damages, against separate Defendant Mobley.[2] Accordingly, Plaintiff's Response must also explain how Defendant Mobley was personally and directly responsible for Plaintiff allegedly receiving inadequate medical care.

IT IS THEREFORE ORDERED THAT Plaintiff shall file, **within thirty days of the entry of this Order**, a Response containing the information specified in this Order.[3]

Dated this 21st day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] *See* 28 U.S.C. § 1915(e)(2) providing that, in cases where the plaintiff has been granted permission to proceed *in forma pauperis*, the Court may *sua sponte* dismiss a claim "at any time" if it fails to state a claim upon which relief may be granted." On April 25, 2005, the Court granted Plaintiff permission to proceed *in forma pauperis*. *See* docket entry #2.

[3] Plaintiff is reminded that the failure to timely and properly comply with any portion of this Order could result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2), which provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)