IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY C. ROWE
ADC #127951                                                                                                    PLAINTIFF

V.                                        5:05CV00113 WRW/JTR

MAX MOBLEY, Deputy Director,
Arkansas Department of Correction, et al.                                               DEFENDANTS

**ORDER**

Plaintiff, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants have failed to provide him with adequate medical care. *See* docket entry #2. On November 17, 2005, Plaintiff filed a Motion to Compel asking the Court to require Defendants to provide him with a complete copy of his prison medical records. *See* docket entry #34.

Defendants have filed a Response stating that, "for security purposes," the ADC has a written policy that allows inmates to review, but not copy, their medical records. *See* docket entry #41. Pursuant to the ADC's written policy, an inmate may review his or her prison medical records for up to one hour, once a month. *Id.*, Exhibit 2. However, if the inmate has litigation pending regarding his or her medical care, the ADC will establish an unspecified schedule of more frequent review sessions. *Id.* Importantly, inmates may take notes while reviewing their medical records. *Id.* Finally, Defendants state that they will bring Plaintiff's complete prison medical records to any hearings. *Id.*

The Court concludes that, at this stage in the litigation, it is appropriate for Plaintiff to review

his prison medical records, and take notes therefrom, rather than requiring Defendants to provide him with a complete copy of his records. In compliance with their written policy, Defendants must immediately establish a schedule for Plaintiff to review his prison medical records for <u>at least four hours</u> a month. If such allotted time is inadequate, Plaintiff should promptly file an appropriate Motion explaining why the allotted time is inadequate and specifying how much additional time he requires. Accordingly, the Motion to Compel will be denied, at this time.

At some future date, it <u>may</u> become necessary for Plaintiff to attach copies of certain portions of his prison medical files to a dispositive motion or response thereto. If such copies are needed, Plaintiff should make specific requests to Defendants for copies of the relevant portions of his medical records. The Court emphasizes, that Plaintiff should narrowly tailor his request for copies to only those specific portions of his medical records that are necessary to support his dispositive motion or his response to a dispositive motion filed by Defendants. If Defendants fail to comply with Plaintiff's requests for copies of portions of his medical records, he should promptly renew his Motion to Compel and specify in that motion: (1) the specified documents Defendants are refusing to copy; and (2) how each of those documents is relevant and necessary to support his dispositive motion or his response to such a motion filed by Defendants.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Compel (docket entry #34) is DENIED, AT THIS TIME.

Dated this 30th day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE